### IN WILKES SUPERIOR COURT, FEBRUARY TERM, 1833.

His Excellency the GOVERNOR, &c. *vs.* R. B. WILLIAMS, A. H. GIBSON and J. B. SIMPSON.

#### *Scire Facias.*

If a party under arrest be required to execute a bond *not according to law,* duress may be pleaded, and the bond or recognizance be avoided.

THIS *scire facias* was issued upon a bond or recognizance to keep the peace, executed by Robert B. Williams, principal, and the other defendants, securities. To this action the following answer was filed, viz. " And now at this term the defendants, by Brewer and Cobb, their attornies, come into court, " and for cause why judgment should not be entered against " them, say, that if they ever executed any such bond as set " forth hereof against them, that the same is contrary to law, " and wholly void, and that the same was exacted of the defen- " dant, Williams, while under duress. Secondly, because the " defendant, R. B. Williams, could only be required by law to " give bond for his appearance at the next Superior Court, " and in the mean time to keep the peace, whereas he is sim- " ply required by said bond to keep the peace for twelve " months, all which these defendants are ready to verify, and " therefore pray the judgment of this honorable court."

*By the Court.* The statute regulating the subject, requires that the defendant should be bound to appear at the next Superior Court after the execution of the bond or recognizance, and in the mean time to keep the peace. The bond in the present case requires the defendant to keep the peace for twelve months simply, and nothing more. This bond is taken under a penal statute, and ought to be construed strictly. The defendant, Williams, pleads that the bond was exacted of

him while under duress, and therefore that it is void. Bonds executed while the party is under arrest, if they are taken according to law, cannot be set aside or avoided for duress. If this were the case, there would be almost an end of criminal law. But if a party under arrest is required to execute a bond not according to law, duress may well be pleaded to such a bond. The strictness required by the courts in this State in the construction of statutory bonds, has been much relaxed by the decision of the judges in the case of the Inferior Court of Columbia county for the use of Griffin Edmundson *v.* the Administrator of John Wynn(*a*). Among other principles settled in that case, it was adjudged and held, that where a bond taken under a statute which did not declare all bonds taken contrary to its provisions void, such conditions as were contrary to the provisions of the statute, and such only, were void. Here the only condition of the bond is contrary to the statute, and therefore void according to the decision referred to. But the case of the Governor, &c. *v.* James Wellborn, decided in Wilkes, is directly in point. In that case, Wellborn had been arrested upon a bench warrant and bound to appear at the next Superior Court of that county, and the justice before whom the bond or recognizance was taken, after inserting the condition of appearing and answering the indictment for assault and battery found against him, added "and in the mean time to keep the peace." A *scire facias* was issued against him, alleging a violation of the peace. When the case was called up, an objection was taken to the validity of the bond; for that it was not a bond to keep the peace, but to appear and answer to an indictment for assault and battery. The condition in the mean time to keep the peace was not authorized by law. Mr. Chandler, the solicitor general in support of the bond, relied upon a form in Clayton's Justice, which supported the bond in the present case. As it was a case of practice, and ought to be settled uniformly through the State, the presiding judge referred it to the convention of judges, who decided that the latter condition of the bond was void, not being authorized by law, and the party being under duress and in the custody of the law. The presiding judge considered the bond void, and dismissed the case, and was sustained unanimously by the rest of the judges.